## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-61294-KMM

CAITLIN SYNDICATE 2003, as lead
underwriter for those certain underwriters
at Lloyd's London subscribing to
Policy No. SRSGLPA05016,

      Plaintiff,

vs.

RAY ANTHONY INTERNATIONAL, LLC,
and BE&K BUILDING GROUP, INC.,

      Defendants.

_____/

## ORDER STAYING CASE

THIS CAUSE came before the Court upon Defendant's Motion to Stay (ECF No. 30).

Plaintiff filed a Response (ECF No. 35). Defendant filed a Reply (ECF No. 36). This Motion is

now ripe for review.

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions

of the record, and being otherwise fully advised in the premises, the Court enters this Order.

This case and the underlying state court action pending in the Seventeenth Judicial Circuit

in Broward County, Florida, arise out of the construction of the Gulfstream Racetrack in

Hallandale Beach, Florida. Def.'s Mot. Stay at 2. Defendant Ray Anthony International, LLC

("Ray Anthony") provided crane services on the project for Defendant KBR Building Group,

LLC ("KBR") (f/k/a BE&K Building Group, Inc.). Id. Ray Anthony purchased commercial

general liability insurance from Plaintiff Catlin Syndicate 2003 ("Caitlyn"). Id. at 3. On June 13,

2005, a crane operated by Ray Anthony at the job site collapsed causing damage. Id. KBR

subsequently filed a claim for damages against Ray Anthony in state court in Broward County.

Id. On June 8, 2011, Catlin filed the Complaint in the instant case seeking a declaratory judgment against Ray Anthony and KBR. (ECF No. 1). Catlin seeks a declaration from this Court that it has no duty to indemnify Ray Anthony for the damages sought by KBR in the state court claim. Compl. ¶¶ 16, 22. Caitlin does not seek a declaration with regard to its duty to defend Ray Anthony in the state court suit. Because the state court litigation has not yet resolved the issue of liability between KBR and Ray Anthony, KBR moves to stay this case until the underlying state court claim is resolved.

A declaration regarding a duty to indemnify is premature unless there has been a resolution of the underlying claim. IDC Constr., LLC v. Admiral Ins. Co., 339 F. Supp. 2d 1342, 1350 (S.D. Fla. 2004); see also Smithers Constr., Inc. v. Bituminous Cas. Corp., 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) (duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.) (citation omitted); Triple R Paving, Inc. v. Lib. Mut. Ins. Co., 510 F. Supp. 2d 1090, 1096 (S.D. Fla. 2007); S.D. Coatings, Inc. v. Century Sur. Co., 2008 WL 954178, at *1 (S.D. Fla. Apr. 8, 2008) (issue of indemnification may not be resolved until resolution of the underlying state case.).

A declaration of whether Caitlyn has a duty to indemnify Ray Anthony in this matter would be premature without resolution of the pending matter in state court in Broward County. The insurance contract between the Parties provides indemnification for certain instances of liability. Until the state court determines what, if any, liability exists among the Parties, this matter is not ripe for adjudication. Accordingly, this matter is stayed pending resolution of the underlying state court suit.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Stay (ECF No. 30) is GRANTED. This Case is STAYED. The Clerk of the Court is instructed to administratively

CLOSE this Case. Either Party may move to reopen this Case after resolution of the state court suit in Broward County, Florida. All pending Motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 2st day of December, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record